IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

|  |  |
|---|---|
| **WILLIE ROBINSON,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | **CV-03-BE-0055-W** |
| v. ] | |
| ] | |
| **NORTHPORT HOUSING** ] | |
| **AUTHORITY, et. al.,** ] | |
| ] | |
| **Defendants.** ] | |
| ] | |

**MEMORANDUM OPINION**

**I. INTRODUCTION**

This case is before the court on a motion for summary judgment (doc. # 26), a brief in support of the motion for summary judgment and evidentiary materials in support of the motion for summary judgment (doc. # 27) filed by Defendant Northport Housing Authority and its Executive Director, Milo Pearson. The plaintiff filed a brief in opposition to the motion for summary judgment with supporting evidentiary submissions (docs. # 33 & # 34 ). Following briefing by both sides, the court held a motion hearing on August 31, 2005.

The court has considered the parties' briefs and evidentiary submissions; the arguments in support of and in objection to the motion presented at the August 31, 2005 oral argument; and the applicable standard of review. For the reasons stated on the record at the motion hearing and summarized below, the court finds that the motion for summary judgment is due to be

GRANTED on all the plaintiff's claims.

The Plaintiff's complaint contains causes of action against the Housing Authority for (1) retaliation for the exercise of speech protected by the First Amendment in violation of 42 U.S.C. § 1983 (Count I); (2) violation of the Alabama Whistle Blower's statute (Count III); (3) False Imprisonment (Count V); and the denial of Due Process in violation of §1983 (Count VI).

Robinson also brings the following claims against defendant Pearson in his individual capacity: a claim for retaliation for the exercise of constitutionally protected speech in violation of 42 U.S.C. § 1983 (Count II) and a claim for the violation of the Alabama Whistle Blower's statute (Count IV).

Summary judgment is an integral part of the Federal Rules of Civil Procedure and allows a trial court to decide cases when no genuine issues of material fact are presented and when the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56. The parties' disagreement on each and every fact is not significant; the law requires only that "there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). *See also Celotex v. Catrett,* 477 U.S. 317, 327 (1986). A factual dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 251-52. Mere speculation is insufficient to create an issue of fact and defeat a properly-supported motion for summary judgment. *See Ramsey v. Leath*, 706 F.2d 1166, 1169-70 (11th Cir. 1983).

## II. DISCUSSION[1]

**1. First Amendment Claims**

Counts one and two of the complaint allege that Robinson was terminated from his position as a bookkeeper/accountant in retaliation for comments he made about employee benefits, and salaries; for asking questions about the disbursement of Housing Authority funds; and for asking questions about Executive Director Pearson's affiliation with several non-profit organizations linked to the Northport Housing Authority.

To establish a prima facie case of retaliation for the exercise of First Amendment speech in violation of 42 U.S.C. § 1983, a public employee must show: (1) that the speech can be fairly characterized as relating to a matter of public concern, (2) that his interests as a citizen outweigh the interests of the State as an employer, and (3) that the speech played a substantial or motivating role in the government's decision to take an adverse employment action. *Akins v. Fulton County*, 420 F.3d 1293, 1303-1304 (11th Cir. 2005).

The court must first consider the threshold question of whether the employee's speech involved a matter of public concern. The issue of whether a plaintiff's speech is a matter of public concern is a matter of law reserved to the court. *See Gonzalez v. Lee County Hous. Auth.*, 161 F.3d 1290, 1295 (11th Cir. 1998). A public employee's speech involves a matter of public concern if it can "be fairly considered as relating to any matter of political, social, or other concern to the community." *Connick v. Myers,* 461 U.S. 138, 146 (1983).

---

[1] Based on the lengthy and through presentation of the facts in the parties' briefs and the factual matters discussed at the August 31, 2005 oral argument, the court does not include a recitation of all the facts in this Memorandum Opinion.

To make this determination, a reviewing court must consider the "content, form, and context" of the speech. *Cook v. Gwinnett County School Dist.*, 414 F.3d 1313, 1319 (11th Cir. 2005). However, if the speech at issue is personal in nature, and "cannot be fairly considered as relating to any matter of political, social, or other concern to the community, government officials should enjoy wide latitude in managing their offices, without intrusive oversight by the judiciary in the name of the First Amendment." *Id*. Although recognizing that "[a]n employee's speech will rarely be entirely private or entirely public," a reviewing court takes into account the content, form, and context of the speech to glean its "main thrust." *Morgan v. Ford,* 6 F.3d 750, 755 (11th Cir.1993) (citations omitted).

If the "main thrust" of a public employee's speech is on a matter of public concern, then the speech is protected. *Id.* at 754-55. To accomplish this inquiry, a court considers "the content, form and context of a given statement, as revealed by the whole record." *Deremo v. Watkins,* 939 F.2d 908, 910 (11th Cir.1991) (citing *Connick,* 461 U.S. at 147-48). A court may consider the employee's attempts to make the concerns public along with "the employee's motivation in speaking." *Id.* at 911 (citations omitted).

In this case, Robinson's comments about employee retirement benefits and salaries focused largely upon his own self-interest in improving the conditions of housing authority employees.[2] Although Robinson presented complaints about salaries to the Housing Authority's Executive Board, nothing in the record indicates that the content, form, and context of the

---

[2] Specifically, the plaintiff was concerned about whether an employee over whom he had supervisory authority (Melissa Cook) would be eligible for various benefits allegedly afforded to permanent employees and about whether Northport Housing Authority employees were receiving comparable salaries and retirement benefits.

4

plaintiff's complaints were motivated by a larger concern with the community's interests and instead are more akin to a purely personal employee grievance. *Cf.*, *Maggio v. Sipple*, 211 F.3d 1346, 1352 (11th Cir. 2000) (holding that when a governmental employee speaks "not as a citizen upon matters of public concern, but instead as an *employee upon matters only of personal interest*," except in the most unusual circumstances, a federal court is not the appropriate forum to review the wisdom of a personnel decision).

      The court also concludes that the plaintiff's questions, made during the course of his employment, about disbursements of Housing Authority funds to non-profit organizations linked to Pearson and Pearson's involvement as a partner in several non-profit organizations linked to the Housing Authority is not speech that can be fairly categorized as relating to matters of public concern. At oral argument, the plaintiff indicated that the above-referenced questions were motivated by his fear that Housing Authority residents would be deprived of the benefits of monies allocated for their use. Robinson also attempted, albeit unsuccessfully, to discuss his concerns about Pearson's potential conflict of interest with the Housing Authority's Executive Board.[3]

      Although the court finds that the plaintiff's questions were motivated by a larger concern for the welfare of Northport Housing Authority residents and that Robinson made an effort to communicate his concerns to the public, the court nevertheless finds that the "main thrust" of Robinson's questions was not to bring light to wrongdoing. *See Oladeinde v. City of Birmingham*, 230 F.3d 1275, 1292 (11th Cir. 2000) (holding that public employees' speech does not involve matters of public concern unless the record demonstrates that the speech,

---

[3] *See* Pl's Dep., p. 170-171.

made during the course of his duties was designed to bring light to the wrongdoing).

Specifically, the record does not indicate that the plaintiff ever communicated any definitive accusations of impropriety to either his employer or to a member of a public entity. Instead, plaintiff merely asked Deputy Director Burton if Pearson was a partner in a non-profit entity affiliated with the Housing Authority and then, on another occasion, expressed his concerns to Burton about the depletion of the Housing Authority's financial reserves. These questions, although forming the foundation of what ultimately turned into the plaintiff's full-blown suspicion that Pearson was involved in a potential conflict of interest, never "ripened" into an accusation bringing light to wrongdoing.

Consequently, the court finds that the plaintiff's questions, made during the course of his employment, were made in his capacity as an employee regarding matters within the scope of his authority, not as a private citizen. *See Nero v. Hosp. Auth. of Wilkes County*, 86 F. Supp. 2d 1214, 1226 (S.D. Cal. 1998) (citing *Morgan v. Ford*, 6 F.3d 750, 755 (11th Cir. 1993)). Accordingly, the defendants' motion for summary judgment is due to be GRANTED on counts I and II of the complaint.

**2. Violation of the Alabama Whistle Blower's Statute**

Code of Alabama § 36-25-24 prevents public employers from discharging or discriminating against an employee where the employee reports violation. The statute is a codification of the State's Code of Ethics and Conduct for public officials and employees. The scope of the statute's protection and is limited to complaints filed with the Alabama State Ethics Commission. *See* CODE OF ALABAMA § 36-25-24(b).

Robinson argues that he was terminated because of his speech relating to matters of

public concern.  However, nothing in the record indicates that plaintiff filed a complaint with the Alabama State Ethics Commission, as required pursuant to §36-25-24.  Consequently, the court concludes that the defendants' motion for summary judgment is due to be GRANTED on count III and IV of the plaintiff's complaint.

### 3. False Imprisonment Claim

The plaintiff did not respond to the defendants' motion for summary judgment on his false imprisonment claim.  Therefore, the court determines that the plaintiff has abandoned his false imprisonment claim.  *See Resolution Trust Corp. v. Dunmar Corp*., 43 F.3d 587, 599 (11th Cir. 1995) (holding that "[g]rounds alleged in the complaint but not relied upon in the motion for summary judgment [are] deemed abandoned.").  Consequently, the court finds that the motion for summary judgment is due to be GRANTED on count V of the plaintiff's complaint.

### 4. Procedural Due Process Claims

To be entitled to the safeguards of procedural due process, the plaintiff must have a property interest in his employment, that is, a "legitimate claim of entitlement" to his continued state employment.  *Board of Regents v. Roth,* 408 U.S. 564, 577 (1972).  The record clearly indicates that the plaintiff was an at-will employee who did not have a property interest in continued employment with the Housing Authority.

Furthermore, even assuming the existence of a right to procedural due process based on the language of section 6.0 of the Housing Authority's personnel manual, the court finds that the plaintiff was afforded all the process he was due when he addressed the Housing Authority's Executive Board on April 2, 2002 and May 7, 2002.  *See also Cleveland Board of*

*Educ. v. Loudermill,* 470 U.S. 532, 545-546 (1985) (holding that an entitlement to a post-deprivation hearing need only be a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action). Consequently, the defendant's motion for summary judgment on the count VI of the plaintiff's complaint is due to be GRANTED.

### III. CONCLUSION

Based on the foregoing, the court concludes that the defendants' motion for summary judgment (doc. # 26) is due to be GRANTED. A separate order will be entered simultaneously with this Memorandum Opinion.

DONE and ORDERED this 29th day of September, 2005.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE